UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC JONES and HERBERT BOWENS,

        Plaintiffs,

  v.                                        Case No. 22-cv-364-pp

PROGRESSIVE UNIVERSAL INSURANCE COMPANY
and ARTISAN AND TRUSCKERS CASUALTY COMPANY,

        Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR LEAVE TO FILE MATERIALS UNDER SEAL (DKT. NOS. 42, 64, 97), DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO RESTRICT DOCUMENT (DKT. NOS. 45, 77, 90) AND DENYING DEFENDANTS' RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY (DKT. NO. 81)**

Plaintiffs Eric Jones and Herbert Bowens totaled their vehicles and received less than they expected from the defendants. They have asked the court to certify a class of all individuals who received a payment where the defendants used valuation reports prepared by Mitchell International to determine the actual cash value (ACV) of the loss. Dkt. No. 19 at ¶1. According to the plaintiffs, the defendants rely on a "Projected Sold Adjustment" (PSA), which results in a downward adjustment to the base values of comparable vehicles used to calculate the ACV of the plaintiffs' "total loss" vehicles and is contrary to appraisal standards and methodologies. Id. at ¶¶5, 31. The plaintiffs assert that "car dealerships simply do not negotiate off of Internet advertised prices" and accuse the defendants of ignoring market realties to pay below-market prices for totaled vehicles. Id. at ¶¶8, 28. The plaintiffs allege

1

breach of contract and breach of the covenant of good faith and fair dealing. Id. at ¶¶61-74. They also seek a declaration that

> in paying total-loss claims, by first-party insureds, it is a breach of Defendants' insurance contract for Defendants to base the valuation and payment of claims on values of comparable vehicles that have been reduced by arbitrary Projected Sold Adjustment that are (a) arbitrary, and (b) contrary to industry practices and consumer experiences (and therefore not reflective of the vehicle's fair market value).

Id. at ¶¶61-80.

The parties have filed six motions to seal or restrict documents. Dkt. Nos. 42, 45, 64, 77, 90, 97. The defendants filed a Rule 7(h) expedited, non-dispositive motion for leave to file a response to the plaintiffs' notice of supplemental authority. Dkt. No. 81. The court will deny these motions, although it will deny all but one without prejudice. By separate order, the court will address the defendants' motions to exclude three expert witnesses, dkt. nos. 46, 49, 53, the plaintiffs' motion for class certification, dkt. no. 43, and, when fully briefed, the defendants' motion for summary judgment, dkt. no. 91.

I. **Motions to Seal and Restrict**

General Local Rule 79(d)(2) (E.D. Wis.) requires that a party publicly file a motion to seal or restrict and attach a version of the document the party wants sealed, redacting those portions of the document that are subject to the request. Rule 79(d)(3) requires that any motion to restrict access or seal be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. If the movant is not the party who designated the material confidential, the movant may "explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the

2

documents or materials." Id. In response, the person who designated the documents as confidential may provide sufficient facts demonstrating good cause to continue sealing the documents. Id. If neither party provides "a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials," the court "must" deny the motion. Id. Section (d)(4) requires the movant to include in its motion "a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion." Id.

Whether the party asks to seal or restrict makes a difference in terms of who can access the documents. Only the court has access to a sealed document; the parties do not. In contrast, a party asking a court to restrict documents may ask that the documents be restricted to viewing only by the court and the case participants.

General Local Rule 79 exists because the Seventh Circuit requires good cause to seal or restrict a document. "Documents that affect the disposition of federal litigation are presumptively open to public view. The reason for this right of public access to the judicial record enable interested members of the public . . . to know who's using the courts, to understand judicial decisions and to monitor the judiciary's performance of its duties." Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013) (citations omitted). A party may override the public's interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Roumann Consulting Inc. v. T.V. John & Son, Inc., Case No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). The fact that parties agree that a document should be sealed does not override the public's interest. See United States v. Sanford-Brown, Ltd., 788 F.3d 696, 713

3

(7th Cir. 2015) (vacated on other grounds, United States ex rel. Nelson v. Sanford-Brown, Ltd., 136 S. Ct. 2506 (2016)).

    A.    <u>Plaintiffs' Motions</u>

        1.    *Plaintiffs' Motion for Leave to File Materials under Seal (Dkt. No. 42)*

The plaintiffs' first motion for leave to file materials under seal asks to "file provisionally under seal Plaintiffs' Motion for Class Certification and its accompanying exhibits." Dkt. No. 42 at 1. The plaintiffs explain that the motion references and discusses information that the defendants and third parties Mitchell International, Inc. and J.D. Power and Associates designated as "Confidential" or "Highly Confidential—Outside Counsel's Eyes Only." Id. at 1. The plaintiffs "take no position on whether these documents satisfy the applicable standard for remaining under seal and [are] filing them under seal here out of respect for Defendants' and third-parties' designations." Id. at 1-2. There was no certificate of service filed and no one responded to the motion.

        2.    *Plaintiffs' Motion for Leave to File Materials Under Seal (Dkt. No. 64)*

When the plaintiffs filed their reply brief in support of class certification, they filed another motion to "file provisionally under seal Plaintiffs' Rely in support of Class Certification and its accompanying exhibits." Dkt. No. 64 at 1. The plaintiffs say little more than that the reply and opposition briefs discuss information designated by defendants and third parties as confidential. They again "take no position on whether these documents satisfy the applicable standard for remaining under seal and [are] filing them under seal here out of respect for Defendants' and third-parties' designations." Id. at 2. The plaintiffs' certificate of service states that the motion was filed "using the Court's

4

CM/ECF filing system, which will send electronic notification to the parties and registered attorneys of record." Id. at 3. Again, no one responded to the motion.

       3.    *Plaintiff's Motion for Leave to File Materials Under Seal* (Dkt. No. 97)[1]

Finally, the plaintiffs seek leave to seal their response in opposition to summary judgment and response to "file provisionally under seal Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' Response to Defendants' Statement of Undisputed Material Facts." Dkt. No. 97 at 1. The plaintiffs again say that these filings reference material that the defendants and third parties have designated as "Confidential or Highly Confidential—Outside Counsel's Eyes Only." Id. The plaintiffs again "take no position on whether these documents satisfy the applicable standard for remaining under seal and are filing them under seal here out of respect for Defendants' and third-parties' designations," id. at 2-3, and the certificate of service states that the motion was filed via CM/ECF, id. at 4. No one responded to the motion.

       4.    *Analysis*

The court will deny without prejudice each of the plaintiffs' motions to seal. First, the plaintiffs made no attempt to comply with General L.R. 79, which requires that the movant file a version of the document that redacts those portions of the documents subject to the restriction/sealing request. Gen. L.R. 79(d)(2). Second, the plaintiffs have not demonstrated good cause for sealing, Gen. L.R. 79(d)(3), and it's not clear to the court why the plaintiffs would want to seal the documents so that they would be available only to the

---

[1] Although the plaintiff's *titled* their motion as a motion to seal, they *docketed* it as a motion to restrict and the documents referred to in the motion are restricted to case participants rather than being sealed.

5

court (rather than restricting the documents so that the parties also could access them). Third, the plaintiffs haven't included in the motion a certification that the parties have conferred in good faith to avoid the motion or limit the scope of the materials subject to sealing, Gen. L.R. 79(d)(4). There is no indication that the plaintiffs even served the third parties with the motions.

The court realizes that the parties stipulated to a protective order and the modified protective order—entered by the court—states as follows:

> 10. All Confidential Materials filed with the court, and all portions of pleadings, motions or other papers filed with the court that disclose Confidential Material ("Confidential Court Submission") shall be accompanied by a motion to restrict the filing from public view under [General] Local Rule 79 (E.D. Wis.) and shall remain restricted from public view until further order of the court. The Parties will use their reasonable best efforts to minimize the filing of Confidential Materials and Confidential Court Submissions. In filing Confidential Court Submissions as restricted from public view, the filing party shall also serve opposing counsel with unredacted courtesy copies of the Confidential Court Submission.
>
> 11. To the extent the court requires any further act by the parties as a condition to maintaining Confidential Material under seal, it shall be the obligation of the Producing Party of the Confidential Material to be filed with the court to satisfy any such condition or local rule.

Dkt. No. 62 at 8-9.

Under the protective order and the general local rule, the producing party must provide sufficient facts demonstrating good cause to continue sealing a document. Gen. Local Rule 79(d)(3); Dkt. No. 62 at ¶11. Here, no one has provided an argument in support of a finding of good cause. The court would deny the motions to seal if it could be certain that the third parties have been served with plaintiffs' motions, but it cannot. Instead, the court will deny the motions without prejudice, direct the clerk to convert the status of the various documents from sealed to restricted (so that the parties may access them) and order the plaintiffs to file proof that they have notified the third parties of the

filing. The plaintiffs must provide the third parties with a copy of this order. If the plaintiffs or any third party believe that there is good cause to restrict certain portions of any of the documents at issue, within fourteen days they may file an amended motion to restrict—*not* a motion to seal—and with the motion include a version of the document redacting the portions they believe should not be accessible to the public. Anyone may file a response to an amended motion within seven days. If no amended motion to restrict has been filed by the deadline, the court will instruct the clerk to make the document available to the public.

>B. <u>The Defendants' Motions</u>
>>1. *Defendants' Motion for Leave to File Materials with Restricted Access* (Dkt. No. 45)

On June 23, 2023, the defendants moved to restrict access to (1) Exhibits D, E, F, G, H, I, K and Q to the Declaration of Allison Hill White in opposition to the plaintiffs' motion for class certification; (2) Exhibit F to the Declaration of Daniel S. Sanders III in support of the defendants' motion to exclude the report and testimony of Jason Merritt; and (3) the Affidavit of Philip Kroell filed in opposition to class certification and in support of the motion to exclude the portions of the memorandum in support of the motion to exclude that refer to Kroell's affidavit. Dkt. No. 45 at 1.

According to the defendants, they have an obligation to restrict access to these exhibits because they contain information that third parties Mitchell International, Inc. and J.D. Power have designated as "Confidential" or "Highly-Confidential—Outside Counsel's Eyes Only." <u>Id.</u> at 2. The defendants cite the stipulated protective order at Dkt. No. 37-1 (entered by the court at Dkt. No. 62) and Local Rule 79, which allows parties to explain that documents are being filed under seal under a court-approved protective order. <u>Id.</u> The

7

defendants represent that the third parties have designated the materials as confidential because they reflect proprietary business information, including information regarding confidential business processes. Id. The defendants agree with the designations but assert that the third parties are in the best position to meet the burden to show that the materials should be restricted. Id. at 2-3. They say they served the motion on the third parties, who will provide additional evidence or argument supporting the request to restrict. Id. No one has responded to the motion or provided additional evidence.

2. *Defendants' Motion for Leave to File Materials with Restricted Access* (Dkt. No. 77)

The defendants filed a similar motion to restrict access to Exhibit 2 to the Declaration of Daniel S. Sanders III in support of the defendants' reply in support of their motion to exclude the report and testimony of Jason Merritt, and the portions of the memorandum that cite to and discuss Exhibit 2. Dkt. No. 77 at 1. The defendants again state that they have an obligation to file the materials as restricted because they have been designated "Confidential" or "Highly Confidential—Outside Counsel's Eyes Only" by third parties. The defendants represent that the third parties "designated certain information confidential because it reflects their proprietary business information, including information regarding their confidential business processes." Id. at 2. While the defendants agree with the designations, they again say that the third parties are in the best position to meet the burden to keep the information restricted; they indicate that they notified the third parties of their intent to file the instant motion and "underst[ood] that Mitchell and J.D. Power will file a response to this Motion satisfying their burden to keep this information restricted." Id. Again, no one responded or produced additional information.

3.  *Defendants' Motion for Leave to File Materials with Restricted Access* (Dkt. No. 90)

Like their prior motions, the defendants move to restrict access to Exhibits D and H to the Declaration of James Matthew Brigman in support of the defendants' motion for summary judgment and statement of undisputed material facts; they also seek to restrict the portions of the motion and proposed findings of fact that cite to the exhibits and "information on the docket that Defendants have sought to file under restricted access." Dkt. No. 90 at 1. They state that they are filing the documents because third parties have designated them as "Confidential" or "Highly Confidential-Outside Counsel's Eyes Only" and that the protective order prohibits disclosure. Id. at 2. The defendants reiterate that they agree with the confidentiality designations, but again state that the third parties are in the best position to meet the burden to restrict. Id. They say they notified the third parties of their intent to file the motion to restrict and understand that the third parties "may file a response to this Motion satisfying their burden to keep the information restricted." Id. According to the defendants, the third parties, "will provide additional evidence or argument supporting the request to restrict access to the documents that were designated confidential." Id. at 2-3. No argument or evidence in support of the motion has been filed.

4.  *Analysis*

The defendants filed the motions to restrict because they agreed, under the protective order, to take such action whenever the third parties designated documents as "Confidential" or "Highly Confidential." Dkt. No. 45 at 2; Dkt. No. 77 at 2; Dkt. No. 90 at 2. The Seventh Circuit has addressed generic motions to seal based on protective or confidentiality orders. Baxter Intern., Inc. v. Abbott Labs., 297 F.3d 544 (7th Cir. 2002). The Seventh Circuit acknowledged that

9

parties often enter into "broad secrecy agreement[s] . . . in order to expedite [the discovery] process by avoiding document-by-document analysis," and it opined that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." Id. at 545 (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)). The Seventh Circuit explained why documents dispositive to "any litigation enter the public record notwithstanding any earlier agreement":

> How else are observers to know what the suit is about or assess the judges' disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing. These are among the reasons why very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed. In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault), is entitled to be kept secret on appeal.

Id. at 546-57 (citations omitted). "Documents that affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern. (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013).

The defendants say that they agree with the third parties' designations but also argue that the third parties are in the best position to say why the documents must be restricted. The defendants do not explain whether any of the documents or information in those documents is proprietary, they do not explain whether the information always has been maintained as confidential or whether the third parties will suffer harm if the information is made public. The third parties appear to have told the defendants that they would be filing something to establish good cause but they haven't, leaving the court to speculate why they would want the documents restricted. Indeed, the defendants ask to restrict whole exhibits—some of which are entire deposition transcripts. (Dkt. Nos. 55-7, 58-5, 58-13, 58-15, 58-18.) The court

10

understands that the third parties did not initiate this litigation; but their underlying documents appear to be central to the litigation and the court needs to know more before it will withhold the information from the public. Like the procedure outlined above for the plaintiffs' motions, the court will deny the defendants' motions without prejudice, maintain the restricted status on the documents and allow the defendants to file an amended motion with input from the third parties within fourteen days. If the court hears nothing, the clerk will remove the restricted status and the documents will be available to the public.

## II. Defendants' Rule 7(h) Expedited Non-Dispositive Motion to for Leave to File Response to Plaintiffs' Notice of Filing of Supplemental Authority (Dkt. No. 81)

The defendants seek leave to file a response to the plaintiffs' notice of supplemental authority because they assert the plaintiffs included argument, which is not allowed under Civil L.R. 7(k). Dkt. No. 81. The defendants accuse the plaintiffs of offering a one-sided analysis of the attached decision that misstates the relevance of the decision. Id. at 1. To the extent that the court considers the plaintiffs' arguments, the defendants would like to respond. Id.

The court will not consider the plaintiffs' arguments because they were not authorized by Rule 7(k). That rule provides that the "Notice of Supplemental Authority may not contain any argument but may identify the page or section in the filed briefs to which the authority is relevant." Civil L.R. 7(k). The court requires no further briefing on the issue and will deny the defendants' motion.

## III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the Plaintiffs' Motions for Leave to File Materials Under Seal. Dkt. Nos. 42, 64.

The court **DIRECTS** the Clerk of Court to convert from "sealed" to "restricted to parties" the filings at Dkt. Nos. 43, 65, 66, 67 and 68.

The court **DENIES WITHOUT PREJUDICE** the plaintiffs' motion to restrict documents, titled "Plaintiffs' Motion for Leave to File Materials Under Seal." Dkt. No. 97.

The court **ORDERS** that the plaintiffs must file proof that they have notified the third parties of the motions to restrict/seal and the documents referred to in the motions and they must provide the third parties with a copy of this order.

The court **ORDERS** that if the plaintiffs or any third party believe that there is good cause to restrict certain portions of any of the documents at issue, by the end of the day on **March 13, 2024** they must file an amended motion to restrict—not a motion to seal—and must file with the motion a version of the document redacting the portions they believe should not be accessible to the public. Anyone may file a response to an amended motion by the end of the day **March 20, 2024**. If no amended motion to restrict has been filed by the deadline, the court will instruct the clerk to make the document available to the public.

The court **DENIES WITHOUT PREJUDICE** Defendants' Motions for Leave to File Materials with Restricted Access. Dkt. Nos. 45, 77, 90.

The court **ORDERS** that if the defendants or any third party believe that there is good cause to restrict certain portions of any of the documents at issue, by the end of the day on **March 13, 2024** they may file an amended motion to restrict. Anyone may file a response to an amended motion by the end of the day **March 20, 2024**. If no amended motion to restrict has been filed

by the deadline, the court will instruct the clerk to make the document available to the public.

The court **ORDERS** that the Clerk of Court may lift the restricted status on all documents on **March 14, 2024** unless either party (or a third party) files an amended motion to restrict or seal within that time frame. If a party files an amended motion to restrict or seal, the Clerk of Court shall maintain the restricted status of the documents until the court provides further direction.

The court **DENIES** defendants' rule 7(h) expedited non-dispositive motion to for leave to file response to plaintiffs' notice of filing of supplemental authority. Dkt. No. 81.

Dated in Milwaukee, Wisconsin this 28th day of February, 2024.

                          **BY THE COURT:**

                          **HON. PAMELA PEPPER**
                          **Chief United States District Judge**