UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC JONES and HERBERT BOWENS,
individually and on behalf of others similarly situated,

        Plaintiffs,

  v.

Case No. 22-cv-364-pp

PROGRESSIVE UNIVERSAL INSURANCE COMPANY
and ARTISAN AND TRUCKERS CASULATY COMPANY,

        Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO STAY (DKT. NO. 118) AND CLOSING CASE ADMINISTRATIVELY

---

On May 9, 2024, the defendants filed a motion to stay pending a ruling from the Seventh Circuit Court of Appeals in Progressive Paloverde Ins. Co., *et al.* v. Schroeder, *et al.*, No. 24-1559 (7th Cir. 2024). Dkt. No. 119. The defendants represent that the Schroeder appeal is a Rule 23(f) interlocutory appeal from an order granting class certification in a substantially similar case from the Southern District of Indiana. Id. at 1. The Schroeder case involves the same plaintiffs' attorneys, the same claims and legal theories and the same expert witnesses as involved in the instant case. Id. The plaintiffs filed as supplemental authority in this case the order granting class certification in the Schroeder case because the claims are "substantively identical" to the claims in this case. Dkt. No. 96 at 1, 96-1). Although the plaintiffs oppose any delay in this case, they simultaneously admit that they "may very well petition for

1

interlocutory review" based on the court's future rulings. Dkt. No. 121 at 4. The court will grant the stay.

I. **Defendants' Motion to Stay Pending Seventh Circuit's Resolution of Related Appeal (Dkt. No. 118)**

    A.    <u>Defendant's Brief in Support of Motion to Stay</u> (Dkt. No. 119)

The defendant seeks the stay because the <u>Schroeder</u> appeal involves "analogous claims and legal theories, the same Plaintiff's' counsel and the same expert witnesses." Dkt. No. 119 at 1. The plaintiffs first filed the complaint in this case, challenging Progressive's method of determining the actual cash value of a total-loss vehicle. <u>Id.</u> at 2. Two months later, the plaintiffs' counsel filed nearly identical claims in the Southern District of Indiana against a Progressive affiliate, again asserting that Progressive "systematically undervalue[s] total loss vehicles." <u>Id.</u> at 3. After the district court in <u>Schroeder</u> certified the class, Progressive's affiliate filed its petition for interlocutory review on the question of whether the district court erred "by ruling, contrary to [the Seventh] Circuit's precedent, that common questions predominate even though Article III standing, liability and damages all depend on an individualized inquiry into the value of each class member's vehicle." <u>Id.</u> at 5.

The defendant argues that a stay of this case is appropriate because the <u>Schroeder</u> appeal is "likely to be dispositive of class certification here; at minimum it will substantially affect this Court's decision on class certification." <u>Id.</u> at 6. The defendant asserts that the stay is particularly important because of the Seventh Circuit's decision in <u>Kartman v. State Farm Mutual Automobile Ins. Co.</u>, 634 F.3d 883 (7th Cir. 2014), which denied class certification under

2

Rule 23(b)(2). Id. at 7. The defendant contends that a stay in this case avoids wasted judicial effort and conflicting decisions. Id. The defendant highlights the risk of confusion among insureds if this court grants certification and the Seventh Circuit decertifies the class. Id. at 8-9. On the other hand, the defendant suggests that the only harm to the plaintiff in this case is delay. Id. at 9. The defendant maintains that the issue is far from settled in similar suits across the country and a that stay will allow this court to obtain guidance from the Seventh Circuit on this issue on which district courts are split. Id. at 9-10 (comparing cases).

  B. Plaintiffs' Response (Dkt. No. 121)

The plaintiffs oppose the stay for five reasons. Dkt. No. 121. First, they argue that Progressive's affiliate will not be able to overcome the abuse of discretion standard that governs the interlocutory appeal in Schroeder. Id. They go so far as to assert that it is "unlikely" that the Seventh Circuit will overrule the Schroeder court, particularly because ten other district courts around the country have reached the same conclusion. Id. Second, the plaintiffs argue that a stay will prejudice them because class certification and summary judgment have been fully briefed. Id. at 2. Third, the plaintiffs assert that a stay is not practical because the defendant likely will seek interlocutory review in this case even if the Seventh Circuit affirms Schroeder. The plaintiffs suggest that an interlocutory appeal is likely because the defendant filed an interlocutory appeal after the Eleventh Circuit *denied* a petition for review in a related case. Id. at 4 (citing Brown, *et al.* v. Progressive Mountain Ins. Co., *et*

3

*al.*, Case No. 23-90024-F, ECF 1-1 (11th Cir. Aug. 17, 2023). The plaintiffs threaten to file their own petition for interlocutory review if this court were to deny their motion or certify as to the contract claim but not declaratory judgment. Id.  Fourth, the plaintiffs speculate that the Seventh Circuit could rule in a case-specific manner that would provide no guidance to this court. Id. Finally, the plaintiffs say that a ruling on certification will not cause the defendant hardship because "costs alone do not warrant a stay." Id. at 5. At the same time, the plaintiffs say that if the court certifies the class here, they will agree to wait for any interlocutory appeal in this case (regardless of who files it) and that they would "be agreeable to postponing pretrial procedure until after *that* petition is resolved." Id. at 5.

    C.    <u>Analysis</u>

Courts "have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" <u>Stone v. I.N.S.</u>, 514 U.S. 386, 411 (1995) (quoting <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)). The power, however, is not unlimited and, as this court has recognized, the "stay should not be indefinite or otherwise excessive." <u>Pederson v. Pure Mechanical, LLC</u>, Case No. 24-cv-38, 2024 WL 1886743, *4 (E.D. Wis. Apr. 30, 2024).

Courts have applied variations of the same test in evaluating a motion for stay. A district court in the Southern District of Illinois recently granted a stay after considering whether the stay would (1) "simplify the issues in question and streamline the trial," (2) "reduce the burden of litigation on the parties and

4

on the court[,]" and (3) "unduly prejudice or tactically disadvantage the nonmoving party[.]" Wise v. Capital One Fin. Corp., Case No. 24-cv-941, 2024 WL 2188901, *2 (S.D. Ill. May 15, 2024). A district court in the Southern District of Indiana considered a slightly different version of the same three factors when it considered "the prejudice or tactical disadvantage to the non-moving party; whether or not issues will be simplified by the decision in the other case; and whether or not a stay will reduce the burden of litigation on a party." Innovative Water Consulting, LLC v. SA Hospital Acquisition Group, LLC, Case No.: 22-cv-500, 2024 WL 2273454, *2 (S.D. Ind. Jan. 11, 2024). In this district, Judge Griesbach has considered "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." Faust v. Vilsack, Case No. 21-C-548, 2021 WL 4295769, *1 (E.D. Wis. Aug. 23, 2021). Judge Duffin has identified the following three factors in deciding whether to grant a stay: (1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." Fetai v. State Coll. Serv., Inc., Case No. 18-CV-262, 2018 WL 11536801, at *4 (E.D. Wis. Dec. 14, 2018) (quotation omitted).

    Mindful of its unflagging obligation to exercise its jurisdiction, the court finds that this is a rare case in which a stay pending resolution of the interlocutory appeal—in a virtually identical case—is the prudent course. The

5

Schroeder appeal is in a similar procedural posture to this case; the district court granted the class certification motion on January 26, 2024. Schroeder, Case No. 22-cv-946 (S.D. Ind. Jan. 26, 2024), Dkt. No. 131.

As to judicial economy, the plaintiffs' attorneys have filed the same claims against the defendant and its affiliates in other courts, have used the same experts and have filed similar briefs. The court compared the class certification briefing in Schroeder and in this case and found the arguments to be virtually identical. It appears that the plaintiffs' counsel did little more than change the names of the plaintiffs and the amounts of the valuations in their brief supporting the motion. Compare Schroeder, Case No. 22-cv-946 (S.D. Ind.), Dkt. No. 97 at 25, with Jones, Case No. 22-cv-364 (E.D. Wis. 2023), Dkt. No. 43 at 25. Meanwhile, in both cases Progressive has made the same arguments in opposition to certification, arguing that there are no common questions with common answers, that individualized issues predominate (whether Progressive paid the actual cash value and the damages issue), that the plaintiffs are inadequate class representatives and that class treatment is not superior. Compare Schroeder, Case No. 22-cv-946, Dkt. No. 108, with Jones, Case No. 22-cv-364, Dkt. No. 57. Even the district court's order in Schroeder appears to address the same policy language, the same valuation methods (how Progressive uses the PSA to determine ACV), the same market realities and the same appraisal standards that this court has considered when ruling on the parties' motions. See Schroeder, Case No. 22-cv-946, Dkt No. 131.

The Seventh Circuit's decision in Schroeder will be binding on this court, as both parties concede. It appears that the ruling from the Seventh Circuit will assist this court based on a review of the decision from the Southern District of Indiana and the issue identified by Progressive's affiliate in the Rule 23(f) petition. The plaintiffs cannot ask this court to rely on the Schroeder court's ruling as supplemental authority, dkt. no. 96, then argue that the Seventh Circuit's review of that ruling may not be helpful. A stay promotes judicial economy.

When evaluating the prejudice to the nonmoving party or balancing harms, the only harm to the plaintiffs is delay. The plaintiffs' expression of opposition to a delay is undermined by their representation that they anticipate a delay regardless of the court's ruling. Dkt. No. 121 at 5. The plaintiffs say that they may file a Rule 23(f) petition for an interlocutory appeal if this court *denies* their certification motion, but also say that they will hold off on issuing class notice and other pretrial procedures while the defendant pursues a Rule 23(f) petition if this court *grants* their certification motion. In other words, they aren't opposed to a stay. They simply oppose any stay imposed before the court rules on their certification motion. This is a difference without a distinction. There is no significant harm or tactical disadvantage to the plaintiffs in granting a stay now.

Finally, the plaintiffs argue that the defendant is requesting an indefinite stay, dkt. no. 121 at 3, but the Seventh Circuit already has granted the Rule 23(f) petition and the case has been transferred to the general docket.

7

Schroeder, No. 24-8003, Dkt. No. 12 (7th Cir. Apr. 8, 2024). As soon as the Seventh Circuit has ruled, the parties may ask the court to lift the stay and the court will promptly rule on the pending certification and summary judgment motions.

**II. Conclusion**

The court **GRANTS** the defendants' motion to stay pending the Seventh Circuit's resolution of related appeal. Dkt. No. 118.

The court **REMOVES** the hearing scheduled for June 26, 2024 at 10:00 a.m. from the hearing calendar.

The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED** during the appeal of the Schroeder case. Either party may file a motion asking the court to reopen and lift the stay within thirty days of the Seventh Circuit's decision in Schroeder. Once the court has reopened the case, it will promptly address the pending motions for class certification and summary judgment. No further briefing is necessary.

Dated in Milwaukee, Wisconsin this 7th day of June, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**